JOHN PFANZ v. MAGDALENA HUMBERG ET AL.

TENDERING DEED OF PROPERTY REFUSED FOR DEFECT IN TITLE DOES NOT ENTITLE AGENT TO COMPENSATION FOR SALE THEREOF.

A contract to pay an agent for his "services when the property was sold" does not entitle him to compensation until either a sale is had or at least an enforceable contract is made that would enable the seller to compel the purchaser to take the property if he refused to do so. Tendering a deed of the property which is refused for an alleged defect in title does not affect either requirement.

Hamilton County.

ERROR to Lucas common pleas court.

**Renner & Renner** and **Eugene Heim,** for plaintiff in error.
**A. L. Herrlinger** and **A. T. Fulford,** for defendants in error.

## SMITH, J.

The contract of agency sued upon in this case distinctly sets out that the agreement entered into between the parties was that defendants in error were to pay Pfanz for his "services when the property was sold."

This being so, the agent was not entitled to compensation until either a sale was had, or at least an enforceable contract made, signed by the sellers and purchaser, that would enable the sellers to compel the purchaser to take the property if he refused to do so.

Neither of these elements were present. A deed was offered by the defendants in error for the property in question to the purchaser, Ohlinger, who declined to accept it, for the reason of an alleged defect in title.

The defendants were never in a position to enforce their rights against him; therefore, under the contract, no sale having been made, or there being no means of enforcing one, the plaintiff in error under the terms of his contract was not entitled to compensation.

There was no error in the trial court granting the motion of defendants at the close of plaintiff's testimony to arrest the evidence from the jury and direct a verdict for the defendants.

Judgment affirmed.

**Swing** and **Giffin, JJ.,** concur.